FILED
SUPERIOR COURT
OF GUAM

2021 MAY -7 AM 9:50

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0731-18 |
| vs. | |
| JARED JOHN SANTOS, DOB: 05/12/1997 | |
| Defendant, | **DECISION AND ORDER** (Motion for Acquittal) |
| MARIANO ANTHONY SALAS QUINATA DOB: 10/03/1995 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 28, 2021, upon two separate Motions for Acquittal filed by Defendants Jared John Santos and Mariano Anthony Salas Quinata ("Defendants"). Defendant Jared John Santos is represented by Attorneys David Lujan and Clyde Lemons, Jr. Defendant Mariano Anthony Salas Quinata is represented by Assistant Alternate Public Defender Ana Maria C. Gayle. Assistant Attorney General Christine Santos Tenorio represents the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** the Defendants' Motions for Acquittal. The Court further **ORDERS** that Defendant Santos' conviction for Aggravated Assault (As a 3rd Degree Felony) and Defendant Quinata's conviction for Aggravated Assault (As a 3rd Degree Felony) via Complicity be vacated.

## BACKGROUND

On January 21, 2021, a petit jury returned a guilty verdict against Defendant Jared John Santos ("Defendant Santos") for Aggravated Assault (As a 2nd Degree Felony), with a special allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; Aggravated Assault (As a 3rd Degree Felony), with a special allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; and Possession of a Firearm without a Firearms Identification Card (As a 3rd Degree Felony). Defendant Mariano Quinata ("Defendant Quinata") was found guilty of Aggravated Assault via Complicity (As a 2nd Degree Felony) via Complicity and Aggravated Assault via Complicity (As a 3rd Degree Felony).

At the close of the People's case in chief, and again at the close of trial, Defendants moved for judgment of acquittal on the basis that there was insufficient evidence to convict them of the crimes charged. The court denied both motions. On January 28, 2021, Defendants filed two separate Motions for Acquittal based on insufficient evidence. Both Defendants also asserted that the two Aggravated Assault convictions against each of them constituted double jeopardy. The People filed an Opposition to the Defendants' Motions for Acquittal on February 15, 2021. At a hearing held on March 4, 2021, the Court took the matter under advisement.

## DISCUSSION

A court will enter a judgment of acquittal if the evidence presented at trial is insufficient to sustain a conviction for the crimes charged. 8 G.C.A. § 100.10. "If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal." 8 G.C.A. § 100.30. A motion for acquittal should generally be made within seven (7) days after the jury is discharged. *Id.* When making a determination regarding a motion for judgment of acquittal, the Court must review the evidence in the light most favorable to the

government to determine whether, "'any rational trier of fact could have found the elements of a crime beyond a reasonable doubt.'" *People v. Quinata*, 1999 Guam 6, ¶ 8 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

"'It is not the province of the court, in determining [a motion for a judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury.'" *People v. Song*, 2012 Guam 21 ¶ 29 (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005). "'[I]f there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [the court] must find the case was properly submitted to the jury.'" *People v. Taisacan*, 2018 Guam 23, ¶ 17 (quoting *People v. Song*, 2012 Guam 21, ¶ 29). "'[E]ntirely circumstantial' evidence is sufficient to support a guilty verdict." *People v. McKinney*, 2016 Guam 3, ¶ 22.

The critical inquiry is whether the evidence in the record "could reasonably support a finding of guilt beyond a reasonable doubt" by a rational trier of fact. *People v. Reyes*, 1998 Guam 32, ¶ 7. When making this determination, the court is concerned with the existence or non-existence of evidence, not its weight. *People v. Song*, 2012 Guam 21, ¶ 29. "'The Ninth Circuit has noted that this is a highly deferential standard.'" *People v. Reyes*, 1998 Guam 32, ¶ 7.

**I. There was sufficient evidence at trial to convict Defendant Santos of the crimes charged.**

The first issue is whether there was sufficient evidence at trial to convict Defendant Santos of the crimes charged. Defendant Santos primarily argues that the Court should grant the motion for judgment of acquittal, or alternatively set aside the guilty verdict and grant him a new trial, because he alleges the verdict is contrary to the weight of evidence. *See* Santos'

Mot. for J. of Acquittal (Jan. 28, 2021). He argues the Court should rule in his favor because one of the witnesses at trial, Six Paulus ("Paulus"), was drunk at the time of the incident. *Id.* Defendant Santos additionally argues that the Court should rule in his favor because the defense was "sandbagged" with Paulus' written statement identifying Santos as the shooter on the eve of trial. *Id.*

However, when reviewed in the light most favorable to the prosecution, the Court is satisfied that any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. The evidence presented at trial showed that Defendant Santos had been involved in an altercation with the victim prior to the shooting. Witness Paulus was familiar with both Defendant Santos and Defendant Quinata. Paulus testified that there was a verbal exchange between the Defendants and Harry Henry right before the shooting happened. Because Defendant Santos was seated in the passenger seat of the vehicle, there was also evidence that Defendant Santos was the shooter. While Paulus was admittedly drunk at the time of the incident, the jury was provided with instructions on assessing eyewitness credibility and the jury's role as the trier of fact. After a trial and deliberation, the jury concluded that the weight of evidence supported Defendant Santos' conviction for the aforementioned charges. Based on the evidence adduced at trial, when reviewed in a light most favorable to the government, the Court concludes that a rational trier of fact could have reasonably found the elements of the crimes charged beyond a reasonable doubt.

While Defendant Santos additionally argues that the defense was 'sandbagged' by Paulus' written statement, this argument is moot as the court suppressed the written statement and it was not used at trial. Thus, the Court will not disturb the jury's findings as the trier of fact.

## II. There was sufficient evidence at trial to convict Defendant Quinata of the crimes charged.

The second issue is whether there was sufficient evidence at trial to convict Defendant Quinata of the crimes charged. In Quinata's Motion for Judgment of Acquittal, he argues that the Court should grant a judgment of acquittal on the grounds that evidence adduced at trial was insufficient to support a finding of guilt beyond a reasonable doubt. *See* Quinata's Mot. for J. of Acquittal (Jan. 28, 2021). Contrary to the verdict, Defendant Quinata asserts that the evidence presented did not support a finding that Defendant Quinata knew of Santos' plan to shoot the victim, agreed to the plan, or otherwise induced Santos in the attempt. *Id.* at 4–6.

According to Guam's complicity statute, a person is guilty of an offense if, "with the intention of promoting or assisting in the commission of the offense, he induces or aids another person to commit the offense." 9 G.C.A. § 4.60 (2005). Guam's complicity statute is similar to that of Pennsylvania. Compare 9 G.C.A. § 4.60 (2005) with 18 Pa. C.S.A. § 306 (Westlaw 2021). The Pennsylvania Supreme Court has found that "the driver of a 'get away' car can be found guilty as an accomplice if it is reasonable to infer that he was aware of the actual perpetrator's intention. His agreement to effectuate the escape aids the perpetrator in the planning and commission of the actual crime." *Com. v. Wright*, 344 A.2d 512, 515 (Pa. Super. Ct. 1975). Because there are few instances when criminal intent will appear of record, circumstantial evidence can be used to prove shared criminal intent. *Wright*, 344 A.2d at 514–515.

However, when reviewed in the light most favorable to the prosecution, the Court is satisfied that any rational trier of fact could have found Defendant Quinata guilty of the crimes charged beyond a reasonable doubt. The evidence presented at trial showed that while Paulus did not actually see Quinata driving the car, he did see Defendant Quinata with Defendant

Santos at Mobil earlier that night, and thus assumed that Quinata drove the car that shot at the victim. *See* Quinata's Mot. for J. of Acquittal (Jan. 28, 2021) at 4. Both victim Pedo Peredo and witness Harry Henry did not identify Quinata as the driver of the blue Mitsubishi, and there was no direct evidence that Defendant Quinata knew Defendant Santos intended to fire the gun at the car or agreed to be part of a drive-by shooting with a firearm. *Id.* 4-5; 7. However, Quinata was driving the car when he heard passenger Santos say, "What's up, blood?" to the occupants of the victim's vehicle. *See* People's Opp'n at 4 (Feb. 15, 2021). Defendant Quinata then drove Santos away from the scene. *Id.* Then, the same vehicle pulled up next to the victim's vehicle. *Id.* There is sufficient circumstantial evidence to show that Quinata drove Santos, who shot the gun. *Id.* Here, from the evidence presented at trial, a jury could reasonably infer through circumstantial evidence that Quinata was aware of Santos' intent to shoot the gun, and that he subsequently aided in the commission of the offense by driving away from the scene.

The defense argues that this case is similar to *Washington v. Asaeli*, where the appellate court found that there was insufficient evidence to support a defendant's murder conviction when he drove another defendant to the scene of the shooting. *Washington v. Asaeli*, 208 P.3d 1136, 1152 (Wash. Ct. App. 2009)). In *Asaeli*, the defendant's mere presence at the scene with knowledge that others were looking for the victim was insufficient to support the conviction. *Id.* The instant case is distinguished because in *Asaeli*, the defendant was not the getaway driver for the individual who shot the victim, whereas in the current case, Defendant Quinata is alleged to have been the getaway driver in the vehicle at the time of the shooting.

The People argue that the facts of this case are more similar to *Commonwealth v. Causey*, wherein after getting into a fistfight with the victim, the defendant drove back to the scene and his brother shot at the victim from the passenger seat. *Commonwealth v. Causey*, 833

A.2d 165 (Penn. Super. Ct. 2003). The *Causey* court upheld the defendant's complicity to aggravated assault convictions, finding that there was sufficient evidence that the defendant was the getaway driver of the vehicle from which his brother shot. Similarly here, the Court finds that there was sufficient evidence at trial to establish that Defendant Quinata was the getaway driver and to establish that he aided Defendant Santos in committing the offense.

Additionally, Defendant Quinata argues that there was no evidence he was in the car, and that even assuming he was in the car, he cannot be said to have had a duty to act or rectify the situation of the shooting. *See* Quinata's Mot. for J. of Acquittal at 5. Guam law states: "A person is not guilty of an offense if his liability is based solely on an omission unless the law defining the offense expressly so provides, or a duty to perform the act is otherwise imposed by law." 9 G.C.A. § 4.20. However, Defendant Quinata's conviction is not merely based on an omission, but on his actions as the getaway driver of the vehicle. Therefore, Defendant Quinata is not precluded from criminal responsibility under Guam law.

In sum, when the evidence adduced at trial is reviewed in a light most favorable to the government, the Court concludes that a rational trier of fact could have found Defendant Quinata guilty the crimes charged beyond a reasonable doubt.

**III. Certain convictions will be dismissed, so as to not violate double jeopardy.**

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Through the Organic Act, the Double Jeopardy Clause was made applicable to Guam. *People v. Reyes*, 1998 Guam 32, ¶ 23. The Organic Act of Guam provides that, "[n]o person shall be subject for the same offense to be twice put in jeopardy of punishment...." 48 U.S.C. § 1421b(d) (1950). The Double Jeopardy Clause protects against successive prosecutions and successive criminal punishments for the same crime. *People v.*

*San Nicolas*, 2001 Guam 4, ¶ 8 (citing *United States v. Ursery*, 518 U.S. 267, 273 (1996) and *Hudson v. United States*, 522 U.S. 93, 99 (1997)).

Pursuant to 9 GCA § 1.22, a defendant cannot be convicted of more than one offense if one is a lesser-included offense of the other. 9 GCA § 1.22(a) (2005). The People also agree that Aggravated Assault as a Third Degree Felony is a lesser-included offense of Aggravated Assault as a Second Degree Felony. *See* People's Opp'n at 5. Accordingly, the Court finds that the less serious offense should be vacated. For these reasons, the Court will vacate Defendant Santos' conviction for Aggravated Assault (As a 3rd Degree Felony) and Defendant Quinata's conviction for Aggravated Assault (As a 3rd Degree Felony) via Complicity.

## CONCLUSION

For the above reasons, the Court **DENIES** the Defendants' Motions for Acquittal. The Court further **ORDERS** that Defendant Santos' conviction for Aggravated Assault (As a 3rd Degree Felony) and Defendant Quinata's conviction for Aggravated Assault (As a 3rd Degree Felony) via Complicity be vacated.

**IT IS SO ORDERED** MAY 0 7 2021.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
AG, Lujan and Wolff,
APO
Date: 5/7/21 Time: 9:57 am.
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam